IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-13-283-C |
| ) | Case No. CIV-15-444-C |
| JOSEPH R. DEGEARE, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

This matter comes before the Court pursuant to Defendant Joseph R. Degeare's May 11, 2015, pro se Petition to Vacate and Correct Sentence Under Title 28 USCS § 2255 Due to Ineffective Assistance of Counsel, Violation Rule 36 Clerical Error, and Rule 52(b) Federal Rules of Criminal Procedure. Because the Petition reiterates the claims set forth in his April 20, 2015, pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 40), it will be construed to have amended and replaced the earlier filing.[1] The United States has responded to the Petition (Dkt. No. 45) and the Defendant has replied (Dkt. No. 46). It is, therefore, ripe for disposition.

Background

On December 10, 2013, a grand jury returned a single-count Indictment charging the Defendant, Mr. Degeare, as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Indictment stemmed from a call made on November 13, 2013, by David

---

[1] The United States concedes that Mr. Degeare's May 11, 2015, Petition presents the same issues as presented in his first Motion and does not object to the timeliness of either pleading.

Moorman, who contacted Del City Police and stated that he wished to relinquish to police property left at his residence by Mr. Degeare. When Del City Police Officers arrived at Mr. Moorman's residence, he advised them that weeks earlier, Mr. Degeare left two black padlocked lock boxes on his premises. Mr. Moorman informed the officers that on the evening of November 12, 2013, Mr. Degeare came to his residence and unlocked and opened the boxes. Once the boxes were opened, Mr. Moorman observed that one of the boxes held four pistols, several rounds of ammunition, and a gas mask. Mr. Moorman advised Mr. Degeare that he did not want the items left at his house, but Degeare took only a piece of jewelry from one of the boxes and left the boxes and their remaining contents at Mr. Moorman's residence. Officers obtained a search warrant for the boxes and, upon its execution, they discovered the boxes contained a .40 caliber pistol, a .45 caliber revolver, a 9mm pistol, and a Yugoslavian, SKS, 7.62 x 39 rifle.

On December 18, 2013, Mr. Degeare responded to the grand jury Indictment with a plea of not guilty. On January 16, 2014, he appeared before this Court to change his original not guilty plea to a plea of guilty. That same day, the United States filed a notice of prior convictions establishing that Mr. Degeare was subject to the mandatory sentencing provisions of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(1) (the "ACCA"). Pursuant to the Sentencing Guidelines effective November 1, 2013, Mr. Degeare's total offense level of 30 and his criminal history category of VI suggested an imprisonment range of 168 months to 210 months. The minimum term of imprisonment mandated by the ACCA, however, was 15 years (180 months).

On April 18, 2014, the Court entered its Judgment ordering that Mr. Degeare be committed to the custody of the United States Bureau of Prisons for 180 months – the minimum sentence mandated by the ACCA. Although he was sentenced pursuant to the ACCA, Mr. Degeare's 180-month sentence fell toward the low end of the sentencing range recommended by the Sentencing Guidelines. In addition to his term of incarceration, the Court ordered that following his release Mr. Degeare would serve a five-year term of supervised release and would comply with special conditions of supervision requiring that he register pursuant to the provisions of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a), or any applicable state sex offender registration law. See Judgment (Dkt. No. 33). Mr. Degeare did not appeal his sentence.

Discussion

In his Petition, Mr. Degeare argues that under 28 U.S.C. § 2255 he is entitled to relief from his sentence on the following four grounds: (1) his counsel was ineffective in failing to object to the special condition of supervision requiring that he register as a sex offender; (2) his counsel was ineffective in failing to object to the application of Sentencing Guidelines that became effective November 1, 2013; (3) his counsel was ineffective in failing to argue that because Mr. Degeare was attempting to dispose of his firearms, he was in merely constructive rather than actual possession of the weapons; and (4) his counsel was ineffective in failing to assert that one of his prior convictions did not qualify as a predicate offense capable of supporting an ACCA sentence enhancement. In response, the United States asserts that all of Mr. Degeare's claims could and should have been raised on direct appeal.

3

It argues that by failing to directly appeal his sentence, Mr. Degeare waived his claims and that, therefore, this Court is procedurally barred from considering them. See United States v. Khan, 835 F.2d 749, 753 (10th Cir. 1987).

As the United States appears to concede, a federal prisoner's ineffective-assistance-of-counsel claims "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). The government contends, however, that Mr. Degeare is merely disguising defaulted claims as claims for ineffective assistance of counsel in order to evade the procedural bar. For the reasons set forth below, the Court concludes that even assuming that Mr. Degeare's § 2255 Petition presents genuine claims for ineffective assistance of counsel, those claims fail on their merits to provide any ground for modification of his sentence.

Section 2255 permits a prisoner in custody pursuant to a sentence imposed by a federal court to petition the sentencing court to vacate, set aside, or correct the sentence on the ground "[1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255; see also Daniels v. United States, 532 U.S. 374 (2001). Mr. Degeare contends that his sentence was imposed in violation of the U.S. Constitution, as he was deprived of his Sixth Amendment right to effective assistance of counsel.

Ineffective assistance claims are reviewed under the framework set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). "To prove ineffective assistance of counsel at either the trial or appellate stage, a defendant must show, by a preponderance of the evidence, that (1) counsel's performance fell below an objective standard of reasonableness, and (2) prejudice, such that there is a reasonable probability that but for counsel's errors, the outcome of the trial would have been different." Young v. Sirmons, 486 F.3d 655, 674-675 (10th Cir. 2007). A prisoner challenging a guilty plea on the basis of ineffective assistance satisfies the prejudice inquiry by showing that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001). Courts are free to address the performance and prejudice components in any order and need not address both where a defendant fails to make a sufficient showing of one. Strickland at 697. "[A] failure to prove either one is dispositive." United States v. Orange, 447 F.3d 792, 797 (10th Cir. 2006).

1. Ground One does not entitle Mr. Degeare to relief.

In his first ground for relief, Mr. Degeare asserts that defense counsel was ineffective because he failed to challenge the Court's requirement that Mr. Degeare register as a sex offender as part of his supervised release. He contends that by requiring him to register as a sex offender, the Court retroactively applied SORNA to crimes he committed in 1993. He

argues that the Tenth Circuit Court of Appeals has held such retroactive application of SORNA to be an unconstitutional violation of the Ex Post Facto Clause.[2]

Although the Tenth Circuit has addressed constitutional challenges to SORNA, it has not held retroactive application of the Act to violate the Ex Post Facto Clause. Instead, the Court has upheld retroactive application of SORNA's registration provision on the ground that the Act "is a regulatory statute and any criminal penalties attach only to future failures to register." United States v. White, 782 F.3d 1118, 1126 (10th Cir. 2015); United States v. Lawrance, 548 F.3d 1329, 1332-36 (10th Cir. 2008). In light of applicable Tenth Circuit authority, had Mr. Degeare's counsel objected to the sex offender registration special condition of supervision on the ground that it ran afoul of the Ex Post Facto Clause of the U.S. Constitution, his objection would have been summarily overruled.

Affording a liberal construction to Mr. Degeare's petition, the Court also examines whether he was prejudiced by his counsel's failure to argue that his sex crime convictions were too temporally remote to support the sex offender registration condition of his supervised release. While district courts have considerable discretion to impose special conditions of supervised release, 18 U.S.C. § 3583(d) requires that the conditions

> (1) be reasonably related to the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the

---

[2] Mr. Degeare asserts that he appealed his special condition of supervised release to the Tenth Circuit Court of Appeals, which ruled in 2013 "that the defendant Joseph Degeare does not have to register as [a] sex offender in remit of criminal cause no. CF-1993-792[0]." (Pet., Dkt. No. 43-1, p. 3.) Mr. Degeare has provided no citation for that ruling and the Court has found no record of such ruling having been issued.

> protection of the public from further crimes of the defendant, or the defendant's educational, vocational, medical, or other correctional needs; (2) involve no greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation; and (3) be consistent with any pertinent policy statements issued by the Sentencing Commission.

United States v. Bear, 769 F.3d 1221, 1226 (10th Cir. 2014). In addition to those sentencing factors, the Tenth Circuit has noted that a sentencing court should consider whether the defendant complied with earlier sex offender registry requirements and whether the sex crimes at issue involved such "troubling facts," as "a history of sexual offenses involving minors." United States v. Dougan, 684 F.3d 1030, 1034-36 (10th Cir. 2012).

Although the sex crimes for which Mr. Degeare was convicted occurred approximately twenty years prior to his felon in possession conviction, his history of criminal conduct establishes that the sex offender special condition is reasonably related to the deterrence of criminal conduct and the protection of the public from further crimes. The Presentence Investigation Report ("PSR") shows that Mr. Degeare's sex crime convictions included a count of forcible oral sodomy involving a three-year-old child, a count of forcible oral sodomy involving a second three-year-old child, a count of forcible oral sodomy involving a six-year-old child, and a count of lewd acts with a child involving the same six-year-old child. The PSR further indicates that Mr. Degeare pleaded guilty to failing to comply with the sex-offender requirements to which he was subject.

The Court is convinced that Mr. Degeare's history of sex offenses presents such extraordinarily "troubling facts" as to render the prescribed special conditions of supervision

7

not only appropriate, but necessary for the deterrence of criminal conduct and the protection of the public from further crimes. Mr. Degeare has not shown that his counsel's failure to object to those conditions had any bearing on the outcome of his sentencing. Nor has he demonstrated a reasonable probability that, but for counsel's errors, he would have declined to plead guilty and would instead have insisted on going to trial. See Hill, 474 U.S. at 59; Miller, 262 F.3d at 1072. Having failed to establish that he suffered any prejudice from his counsel's failure alleged ineffectiveness, Mr. Degeare is entitled to no relief on Ground One.

    2. Ground Two does not entitle Mr. Degeare to relief.

In Ground Two of his Petition, Mr. Degeare argues that defense counsel was ineffective for not challenging the application of Sentencing Guidelines that took effect on November 1, 2013. He contends that his crime was "completed" in late October of 2013, when he left the two padlocked boxes containing his firearms at Mr. Mormon's house. He cites the Supreme Court's opinion in Peugh v. United States, ___ U.S. ___ , 133 S.Ct. 2072 (2013), for the proposition that by sentencing him under the harsher November 1, 2013, Guidelines, the Court violated the Ex Post Facto Clause of the United States Constitution. He argues that had counsel challenged retroactive application of the November 1, 2013, Guidelines, his sentence would have been less severe.

As the United States points out, Mr. Degeare's argument fails for at least two reasons. First, the record shows that Mr. Degeare was sentenced under the ACCA, which mandated that he receive, at a minimum, a 180-month sentence. Second, as Mr. Degeare's own proffered evidence establishes, he retained possession of the key to the padlocked boxes he

8

placed in Mr. Moorman's residence and was able to gain access to them as soon as he chose do so. It is clear that Mr. Degeare remained if not in actual possession, then certainly in constructive possession of the firearms contained in those boxes at least until November 12, 2013, when he used his key to access them. See United States v. Hien Van Tieu, 279 F.3d 917, 922 (10th Cir. 2002); United States v. Gorman, 312 F.3d 1159, 1163-64 (10th Cir. 2002) (constructive possession may be established by evidence supporting at least a plausible inference that the defendant had knowledge of and access to firearm).

The Guidelines effective November 1, 2013, were the Guidelines applicable to Mr. Degeare's offense; any objection to their application would have been overruled and could have had no effect on his sentence. As Mr. Degeare has failed to show that he was prejudiced by his counsel's failure to challenge application of the November 1, 2013, Sentencing Guidelines, he is not entitled to relief on the basis of Ground Two.

    3. Ground Three does not entitle Mr. Degeare to relief.

In his third ground for relief, Mr. Degeare asserts that he was deprived of a downward sentencing variance by defense counsel's failure to argue that Mr. Degeare had only constructive possession of his firearms while arranging for their disposal. The thrust of his argument is not entirely clear. As set forth above, Mr. Degeare pleaded guilty to a single-count Indictment charging him as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In Ground Three, however, he appears to assert that his alleged attempts to dispose of his firearms amount to a defense to the felon in possession Indictment. It is well established that once a defendant pleads guilty, "'there will not be a further trial of any

9

kind.'" United States v. Riles, 928 F.2d 339, 342 (10th Cir. 1991) (quoting Fed. R. Crim. P. 11(c)(4)). By waiving his right to trial, a defendant waives non-jurisdictional defenses as well. Id. Mr. Degeare does not contend that his plea was involuntary. In fact, in his reply in support of his § 2255 Petition, he explicitly states that he "accepts his [r]esponsibility in his actions on this criminal matter and does not withdraw his guilty plea." See Reply (Dkt. No. 46) at page 3. Because the § 922(g)(1) felon in possession charge to which Mr. Degeare pleaded guilty may be supported either by actual or constructive possession, United States v. Jameson, 478 F.3d 1204, 1209 (10th Cir. 2007), Mr. Degeare cannot show that his counsel's failure to argue that his possession was merely constructive had any impact on his guilty plea or his sentence. He is entitled to no relief on Ground Three.

    4. <u>Ground Four does not entitle Mr. Degeare to relief.</u>

Even affording Mr. Degeare's filings the liberal construction due pro se pleadings, (see Haines v. Kerner, 404 U.S. 519, 520-21(1972); Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 815 (10th Cir. 2007)), the basis of his fourth ground for relief is difficult to discern. He states that he "does not withdraw his guilty plea," but merely "question[]s one of the predicate offenses" which supported his enhanced sentence under the ACCA. See Reply (Dkt. No. 46) at page 3. It is not altogether clear, however, which conviction Mr. Degeare challenges. He argues that his no contest plea in the District Court of Oklahoma County, State of Oklahoma, case number CF-1993-7920 cannot be considered an admission of guilt "to possession of [m]eth." Petition (Dkt.43-1) at page 6. The PSR reveals that Mr. Degeare did, in fact, enter a no contest plea in CF-1993-7920. However, in that case he was convicted

10

not of possession of methamphetamine, but rather of two counts of forcible oral sodomy and a count of lewd acts with a child under 16. Mr. Degeare was convicted of a count of unlawful possession of methamphetamine with intent to distribute same in the District Court of Cleveland County, State of Oklahoma, case number CF-2002-879. However, in that case, which also served as a predicate for his enhanced sentence under the ACCA, he pleaded guilty. Because the Court cannot determine which conviction Mr. Degeare intends to contest, it will examine each in turn.

With respect to the forcible sodomy convictions in CF-1993-7920, Mr. Degeare appears to argue that his counsel was ineffective because he failed to argue that his no contest plea did not amount to an admission of guilt sufficient to support a sentence enhancement under the ACCA. The effect of a no contest or nolo contendere plea is determined by the law of the state where the plea was entered. See United States v. De Jesus Ventura, 565 F.3d 870, 879 (D.C. Cir. 2009) (using Virginia law to determine the effect of a nolo contendere plea entered in Virginia). In Oklahoma, a no contest plea is "the functional equivalent of a plea of guilty." Burnham v. State, 2002 OK CR 6, ¶ 6, n.1, 43 P.3d 387, 389 n.1. It "has the same legal effect as a guilty plea except that it may not be used against the defendant as an admission in any civil suit based on the act upon which the criminal prosecution is based." Morgan v. State, 1987 OK CR 234, ¶ 2, 744 P.2d 1280, 1281. Thus, a plea of no contest admits the facts pleaded in the information. See Lozoya v. State, 1996 OK CR 55, ¶ 26, 932 P.2d 22, 30; see also Delong v. State ex rel. Okla. Dep't of Public Safety, 1998 OK CIV APP 32, ¶ 7, 956 P.2d 937, 939 (nolo contendere pleas in Oklahoma "admit the validity of those

11

charges"). Because his no contest plea admitted the validity of the information filed against him in CF-1993-7920, Mr. Degeare cannot show a reasonable probability that had counsel objected to the use of that conviction as a predicate offense under the ACCA, he would have avoided the Act's mandatory minimum sentence. He has failed to establish that he was prejudiced by his counsel's purportedly ineffective performance as required by Strickland.

With respect to his conviction for possession of methamphetamine with intent to distribute in CF-2002-879, Mr. Degeare appears to argue that defense counsel was ineffective because he failed to argue that his guilty plea was actually an Alford plea which could not support ACCA sentence enhancement. An Alford plea permits a defendant to maintain his innocence while agreeing to forego his right to a trial. North Carolina v. Alford, 400 U.S. 25, 37 (1970). The plea permits an individual accused of a crime to "voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." Id.

There is some dissension among and even within the circuit courts as to when a conviction obtained on the basis of an Alford plea may be used to support a sentence enhancement. See Anne D. Gooch, Admitting Guilt by Professing Innocence: When Sentence Enhancements Based on Alford Pleas Are Unconstitutional, 63 Vand. L. Rev. 1755 (2010). For example, the Fourth Circuit held that because an Alford defendant waives a trial and accepts punishment without admitting guilt, "the prosecutor's proffer of what the State would have proved at trial does not amount to an admission or acceptance of the facts by the defendant." United States v. Alston, 611 F.3d 219, 226 (4th Cir. 2010). The court concluded

that an enhancement based on facts not admitted by the defendant, and not within the scope of the generic definition of the crime, would likely run afoul of the Sixth Amendment. Id. The Second and Ninth Circuits have issued similar rulings. See United States v. Savage, 542 F.3d 959, 960 (2d Cir. 2008); United States v. Vidal, 504 F.3d 1072, 1090 (9th Cir. 2007) (en banc) (addressing a "West plea" which permits a defendant to plead guilty (as in Alford) or nolo contendere without admitting the facts).

By contrast, the Third Circuit has held that because an Alford plea is a guilty plea, sentence enhancement based on such a plea is appropriate. See United States v. Mackins, 218 F.3d 263 (3d Cir. 2000). The Ninth Circuit issued a similar ruling in United States v. Guerrero-Velasquez, 434 F.3d 1193 (9th Cir. 2006). The Second Circuit adopted the same reasoning in Abimbola v. Ashcroft, 378 F.3d 173 (2d Cir. 2004), and most recently in United States v. Banks, 776 F.3d 87 (2d Cir. 2015).

It appears that the Tenth Circuit aligns with the latter group of decisions. In the unpublished United States v. Martinez, it concluded that a conviction secured on the basis of an Alford plea qualified as a predicate offense for purposes of an ACCA sentence enhancement. See 30 F. App'x. 900 (10th Cir. 2002). Citing the Third Circuit's Mackins opinion, the Court reasoned that because a state trial court cannot constitutionally accept an Alford plea unless there exists independent factual evidence of a defendant's guilt, an Alford plea should be granted the same finality accorded any other adjudication of guilt, "'whether by guilty plea, trial, or plea of nolo contendere.'" Martinez, 30 F. Appx. at 905 (quoting Mackins, 218 F.3d at 269).

13

Regardless whether Mr. Degeare's plea in CF-2002-879 was an <u>Alford</u> plea, a no contest plea, or a simple guilty plea, the fact remains that he was adjudicated guilty of possession of methamphetamine with intent to distribute. He cannot demonstrate a reasonable probability that had counsel objected to use of that adjudication as a predicate conviction under the ACCA, he would have avoided the Act's mandatory minimum sentence. Because he has failed to establish that he was prejudiced by his counsel's purportedly ineffective performance, Mr. Degeare is entitled to no relief on Ground Four.

5. <u>Mr. Degeare is not entitled to an evidentiary hearing.</u>

In a § 2255 proceeding, a district court is not required to grant an evidentiary hearing on a defendant's claims where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). <u>See also</u> <u>United States v. Lopez</u>, 100 F.3d 113, 110 (10th Cir. 1996); <u>United States v. Marr</u>, 856 F.2d 1471, 1472 (10th Cir. 1988). The Court has thoroughly reviewed the files and records of this case in light of the facts alleged by Mr. Degeare. It finds conclusively that Mr. Degeare's claims cannot entitle him to relief and that, therefore, no evidentiary hearing is necessary for the disposition of his Petition.

CONCLUSION

For the reasons set forth herein, Defendant Joseph R. Degeare's April 20, 2015, pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 40) is deemed MOOT, and his May 11, 2015, pro se Petition to Vacate and Correct Sentence Under Title 28 USCS § 2255 Due to Ineffective Assistance of Counsel, Violation

Rule 36 Clerical Error, and Rule 52(b) Federal Rules of Criminal Procedure (Dkt. No. 43) is DENIED. Defendant's "Commencement of Action, Pleadings, Motions Under Federal Rules of Civil Procedure Rule 3" (Dkt. No. 47) is MOOT.

IT IS SO ORDERED this 8th day of October, 2015.

_____
ROBIN J. CAUTHRON
United States District Judge